NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 7 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-50360 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:13-cr-00719-PSG-3 |
| EDGAR POGOSIAN, AKA Edgar Hakobyan, AKA Seal 1, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted August 9, 2018[**]
Pasadena, California

Before:  TASHIMA and CHRISTEN, Circuit Judges, and RUFE,[***] District Judge.

Edgar Pogosian appeals from the judgment of conviction sentencing him to 18

months of imprisonment after a jury found him guilty of conspiracy to commit

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously finds this case suitable for decision without oral argument.

[***]        The Honorable Cynthia M. Rufe, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

money laundering in violation of 18 U.S.C. § 1956(h) and money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), 2(b), as charged in a multi-defendant indictment, which also charged a health-care fraud scheme.[1]  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.  There was sufficient evidence for the jury to find that Pogosian knew the illegal proceeds came from health-care fraud and relatedly, to convict on the money-laundering charge in Count 19.  Evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *United States v. Liew*, 856 F.3d 585, 596 (9th Cir. 2017) (internal quotation marks and citations omitted).  The government introduced evidence that Pogosian cashed or deposited more than 150 checks over six years, and that when he had more than one check to cash on a given day, he would travel to multiple banks to cash them at the account-holder's bank. Pogosian negotiated the check that formed the basis for Count 19 in 2012, after his ex-girlfriend told him that she had declined to cash any more checks because it did not seem right to her, and after Pogosian's interview with IRS agents about

---

[1]     This appeal was consolidated with the appeal in *U.S. v. Sarkissian*, No. 16-50347.  As the appeals raise different issues, and we earlier determined that the decisional process in *U.S. v. Pogosian* would not be significantly aided by oral argument, we issue separate decisions in each case.

Panarama, one of the sham corporations involved in the fraud. Pogosian, listed as president of Panarama, had also stated in a car loan application in 2006 that he was a senior manager at Panarama. The depositors to the sham corporations included Carlish Clinic, Reliable Diagnostics, and other health-care related entities. Thus, the government provided a chain of inferences from which the jury reasonably could conclude that Pogosian knew the funds likely came from health-care fraud. The government was not required to prove the specific funds related to the cashed check came from health-care fraud; the evidence of commingled accounts was sufficient. *See United States v. Lazarenko*, 564 F.3d 1026, 1035 (9th Cir. 2009).

2. In closing argument, the prosecutor stated that the government had to prove a "high probability that the checks represented the proceeds of some unlawful activity and that the defendants failed to investigate." Contrary to Pogosian's argument, this statement did not change the mental state required to convict. The trial court correctly instructed the jury as part of a detailed charge that "you may find that the defendant acted knowingly if you find beyond a reasonable doubt that he[] one, was aware of a high probability that the financial transactions represented the proceeds of some form of unlawful activity; and, two, deliberately avoided learning the truth." "We have repeatedly held that a statutory requirement that a criminal defendant acted knowingly is not limited to positive knowledge, but includes the state of mind of one who does not possess positive

3

knowledge only because he consciously avoided it." *United States v. Nosal*, 844 F.3d 1024, 1039 (9th Cir. 2016) (internal citations and quotation marks omitted). The prosecutor's argument fairly tracked this instruction, albeit in slightly different language, and any error is harmless in light of the trial court's instructions. *See Rogers v. McDaniel*, 793 F.3d 1036, 1043 (9th Cir. 2015). *Cf. United States v. Lundstrom*, 880 F.3d 423, 442 (8th Cir. 2018) (holding that a willful blindness instruction is appropriate where the defendant "was presented with facts putting him on notice that criminal activity was particularly likely and yet [he] intentionally failed to investigate") (internal quotation marks, citation, and alterations omitted).

3. The trial court's instructions also required the jury to find that the transactions were from the proceeds of illegal activity. The charge stated, in part, that an element of money laundering is that "the defendant knew that the property represented the proceeds of health care fraud or some other form of unlawful activity." The trial court instructed the jury that to convict on the money-laundering charges, it must find acts that constitute a felony, that health-care fraud is a felony, and also specifically charged that the government had to prove the property "represented the proceeds of a *separate* unlawful activity[.]" The jury therefore was fully apprised that the transactions that created the proceeds must be distinct from the money-laundering transaction. *See United States v. Wilkes*, 662

4

F.3d 524, 545 (9th Cir. 2011). Pogosian has not shown that the jury instructions either misled or confused the jury, and he was not denied due process. *United States v. Dixon*, 201 F.3d 1223, 1230 (9th Cir. 2000) (internal citations omitted).

4. The trial court properly instructed the jury to consider the testimony of a cooperating witness with greater caution than other witnesses; this instruction applies regardless of whether the cooperator testifies favorably to the prosecution or the defense. *United States v. Tirouda*, 394 F.3d 683, 688 (9th Cir. 2005). The trial court also gave a proper limiting instruction that the evidence regarding the clinics where certain cooperating witnesses worked was relevant only to the money-laundering counts charged against Edgar Pogosian, and not relevant to the health-care fraud counts. This instruction did not bar the jury from considering the testimony in connection with the charge of conspiracy to commit money laundering. In context, it is clear that the trial court was distinguishing between the money-laundering counts and the health-care fraud counts; conspiracy to commit money laundering fits squarely within the former category. Even had there been error, it was harmless, as the relevant testimony of the witness in question was cumulative of other evidence in the case, including the testimony of Pogosian's former girlfriend.

**AFFIRMED.**